UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANANIAS SPRATT, JR.,

    Petitioner,

v.

           CASE NO. 2:08-CV-14032
           HONORABLE VICTORIA A. ROBERTS
           UNITED STATES DISTRICT JUDGE

KENNETH A. ROMANOWSKI,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Ananias Spratt, Jr., ("Petitioner"), confined at the Mound Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his Wayne Circuit Court jury trial conviction for armed robbery. MICH. COMP. LAWS 750.529. Petitioner was sentenced to a term of 8-1/2 to 15 years in prison. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Sharde Leverett, a loss prevention investigator for Home Depot, observed defendant place a drill set in a cart, take it to the return desk, and attempt to return it. The cashier, Catherina Taylor, informed him that he needed identification to return an item without a receipt. He said that he would call someone to bring identification and stood by a wall near the exit. He went, either partially or completely, out of the store. He turned around, came back inside, and stood by the

cart. Defendant left the cart and approached Leverett, with his hand in his pocket. He took his hand out of his pocket "[m]aybe a second or two before he spoke." According to Leverett, defendant leaned over her shoulder and said, "If you or the white boy attempt to stop me when I leave with my merchandise, I'm going to put two in your head and two in his." Leverett walked away. Taylor heard a man's voice "like, don't stop me." Defendant took the cart, with the drill set, and left the store. The police apprehended him on a subsequent visit to the store. The incident was recorded on videotape, which was played at trial. Defense counsel acknowledged that defendant was a shoplifter, but argued that Leverett was lying with respect to portions of her account, including what defendant said, and that defendant was not guilty of armed robbery. The jury disagreed and convicted him as charged.

*People v. Spratt*, 2008 Mich. App. LEXIS 690, 1-2 (Mich. Ct. App. Apr. 3, 2008).

Following his conviction and sentence, Petitioner filed an appeal of right in the Michigan Court of Appeals. His appellate brief raised two claims:

I. The evidence was insufficient to support the armed robbery charge, appellant's conviction of armed robbery violates due process of law, and the conviction must be vacated.

II. Appellant's convictions must be reversed because he was denied his due process right to a fair trial when the prosecutor educed unduly prejudicial evidence that appellant's movement was monitored because of previous incidents at the same location and defense counsel was ineffective for failing to object or move for mistrial.

The Michigan Court of Appeals affirmed Petitioner convictions in an unpublished opinion. *Spratt, supra.* Petitioner filed an application for leave to appeal from this order in the Michigan Supreme Court and raised the same two claims he presented to the Michigan Court of Appeals. The application for leave to appeal was denied because the Michigan Supreme Court was "not persuaded that the questions presented should be reviewed by this Court." *People v. Spratt*, 481 Mich. 917; 750 N.W.2d 210 (2008).

Petitioner now seeks a writ of habeas corpus based on the two claims he presented to the state courts during his direct appeal. Respondent contends that both of his claims are without merit.

2

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A]

state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. 770.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

### III. Discussion

4

### A. Sufficiency of the Evidence

Petitioner first claims that insufficient evidence was presented at his trial to sustain his conviction for armed robbery because no evidence was presented that he was armed with a weapon. Respondent asserts that the Michigan Court of Appeals decision rejecting this claim on the merits was not objectively unreasonable.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on habeas review of the sufficiency of the evidence to support a criminal conviction is wether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. [T]his inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphasis in original). A federal court may not reweigh the evidence or redetermine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (*citing Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. *Ibid*. The Court does not need to be convinced that the petitioner is actually guilty beyond a reasonable doubt. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

The sufficiency of evidence "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d), *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Therefore, a court reviewing a claim of insufficient evidence on habeas review must accord "deference at two levels . . . first, to the jury's verdict as contemplated by Jackson, and, second, to the state court's consideration of the jury's verdict as dictated by AEDPA." *Parker v. Renico*, 506 F.3d 444, 448 (6th Cir. 2007) (internal citations omitted).

> Armed robbery under Michigan law is a statutory offense. The applicable statute reads:
>
> A person who engages in conduct proscribed under section 530 [which defines robbery as a larceny by means of an assault upon the victim] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, *or who represents orally or otherwise that he or she is in possession of a dangerous weapon*, is guilty of a felony punishable by imprisonment for life or for any term of years.

MICH. COMP. LAWS § 750.529 (emphasis added).

Under this statute, the prosecutor must prove two elements beyond a reasonable doubt: (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. *People v. Chambers*, 277 Mich. App. 1, 7; 742 N.W.2d 610 (2007).

The Michigan Court of Appeals' conclusion - - that sufficient evidence was presented at trial

6

to satisfy the version of the second element that requires proof beyond a reasonable doubt that Petitioner "represented orally or otherwise that he or she was in possession of a dangerous weapon" - - was reasonable. At trial, Sharde Leverett testified how she and her lost prevention manager waited by the exit of the store to see whether Petitioner would attempt to leave the premises with the drill-set. Before leaving the store Petitioner approached Leverett and threatened her:

> Upon doing that, he left the cart, walked over to me and kind of leaned over my shoulder and basically proceeded to say, "If you or the white boy attempt to stop me when I leave with my merchandise, I'm going to put two in your head and two in his."

T 3/22/07, at 116. Leverett testified that Petitioner had his right hand in his pocket when he said this and removed it as she walked away from him. Id. She understood Petitioner to be saying that he would shoot her and the loss-prevention manager. Id., at 117. Viewed most favorably to the prosecution, this testimony was sufficient to allow a rational fact-finder to determine beyond a reasonable doubt that Petitioner represented orally to the victim that he was in possession of a dangerous weapon.

Petitioner notes that during cross-examination Leverett acknowledged that Petitioner never gave an indication with his hand or made any other gesture to indicate that he had a weapon. Id. at 124. But, there is no requirement under Michigan law that a defendant must do more than represent orally that he is armed with a dangerous weapon to satisfy that element of the offense. Under the express terms of the statute, the challenged element is satisfied if either (1) the defendant's actions lead any person present to reasonably believe that he possesses a dangerous weapon, or (2) the defendant represents orally or otherwise that he or she is in possession of a dangerous weapon. Here, the prosecutor offered evidence to satisfy the second version and was not required to present evidence that Petitioner took physical actions that would lead a person to reasonably believe that he

7

possessed a dangerous weapon.

Accordingly, the state court adjudication of Petitioner's first claim was not objectively unreasonable. Therefore Petitioner has not demonstrated entitlement to habeas relief on this claim.

### B. Prosecutorial Misconduct

Petitioner's second claim asserts that the prosecutor committed misconduct when he elicited evidence suggesting that Petitioner had stolen goods from the store previously in violation of Michigan Rule of Evidence 404(b). He also asserts that his trial counsel was ineffective for failing to object to the introduction of this testimony. Respondent asserts that the state court decision rejecting this claim was not objectively unreasonable.

The Michigan Court of Appeals rejected this claim on the grounds that the evidence was not erroneously admitted and because defense counsel used Petitioner's prior contacts with the store in support of this defense:

> Defendant argues that he was denied a fair trial by the prosecutor eliciting evidence that defendant's movement in the store was being monitored because of prior incidents at the store and that counsel was ineffective for failing to object. After Leverett testified that she observed defendant walk in through the center doors pushing an empty cart between 8:30 and 9:00 a.m., the following colloquy occurred:
>
> Q. What was unusual about the defendant entering the store with an empty cart?
>
> A. Nothing really unusual but I had recognized him, from seeing him in the store before that date.
>
> Q. Okay. Have you had any problems --
>
> THE COURT: Hold on. Approach, please.
>
> After a sidebar conference, the prosecutor's questioning continued:

8

> Q. All right. So you observed the defendant walk into the store because you made observations on other dates; right?
>
> A. Yes.
>
> Defendant contends that in this colloquy, the prosecutor improperly elicited information that defendant was a known shoplifter, deliberately injecting impermissible similar acts testimony.
>
> Because defendant did not object, the alleged error is unpreserved, and it is subject to the plain error analysis in *People v. Carines*, 460 Mich. 750, 764-767; 597 N.W.2d 130 (1999). To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. [*Id*., p 763 (citations omitted).]
>
> The record does not establish "plain error" or that defendant's substantial rights were affected. Leverett's testimony did not indicate that defendant had committed "other crimes, wrongs, or acts". MICH. RULE EVID. 404(b)(1). Moreover, even if the implication of the testimony was that Leverett had observed defendant acting suspiciously in the past, the evidence was not unduly prejudicial in light of the defense strategy to concede that defendant was a shoplifter. MICH. RULE EVID. 403. In fact, defense counsel asked Leverett about her preliminary examination testimony that she "recognized" defendant when she saw him. He stated in his closing argument, "He's a shoplifter. She says she recognizes him. And I'm sure this is going to come up in the jury room. His age, shoplifting, she recognized him. When you connect the dots you figure out what kind of a lifestyle he leads that doesn't make him guilty either of armed robbery." The alleged error did not affect the outcome of the proceedings.
>
> Although defendant also argues that trial counsel was ineffective for failing to object, the objection would have been futile because the testimony was not improper. *See People v. Knapp*, 244 Mich. App. 361, 386; 624 N.W.2d 227 (2001). Moreover, the concession that defendant was a shoplifter was a matter of trial strategy, which this Court will not second-guess. *Id.*, pp 386-387 n 7.

*Spratt, supra*, at *4-7.

At bottom, Petitioner's claim relies on the premise that the evidence that the victim was familiar with Petitioner from previous encounters was inadmissible. But the state appellate court rejected this necessary premise by finding that the testimony was not improper. Federal habeas

9

corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner's claim that the state court violated Rule 404(b) by allowing admission of this evidence is non-cognizable on habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). There is no clearly established Supreme Court precedent providing that a state violates a habeas Petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Likewise, Petitioner's claim that this evidence was irrelevant does not raise due process issues of constitutional magnitude or entitle him to habeas corpus relief. *See Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

Finally, appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). Accordingly, Petitioner's claim that the testimony in question suggested that Petitioner had stolen from the store in the past cannot form the basis for granting habeas relief.

Petitioner's related claim that his counsel was ineffective for failing to object to the testimony likewise fails because any objection would have been futile. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004).

### IV.  Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate

of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court denies Petitioner a Certificate of Appealability because he failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable, or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

## V.  ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

                                       S/Victoria A. Roberts                                     
                                       Victoria A. Roberts
                                       United States District Judge

Dated:  March 7, 2011

11

The undersigned certifies that a copy of this document was served on the attorneys of record and Ananias Spratt Jr. by electronic means or U.S. Mail on March 7, 2011.

s/Carol A. Pinegar
Deputy Clerk